**REVISED February 22, 2017**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20686
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2017

Lyle W. Cayce
Clerk

MATTHEW MARK HESLEP,

　　　　Plaintiff–Appellant,

v.

RICK THALER; WILLIAM STEPHENS, Individual capacity; LORIE DAVIS, Professional capacity; GREG ABBOTT; TEXAS COURT OF CRIMINAL APPEALS,

　　　　Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-2595

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Matthew Mark Heslep, Texas prisoner # 1582892, is serving a 20-year sentence after being convicted of indecency with a child. He filed a complaint under 42 U.S.C. § 1983 alleging that the defendants deprived him of adequate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

access to legal materials and thus denied him access to the courts so that he could file a timely petition for discretionary review in the Texas Court of Criminal Appeals.

In a § 1983 action, federal law looks to the personal injury statute of limitations for the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In this case, the applicable Texas statute of limitations is two years. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 1992). Federal law determines when an action accrues and the limitation period starts. *Id.* An action accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (internal quotation marks omitted) (quoting *Russell v. Bd. of Trs. of the Firemen*, 968 F.2d 489, 493 (5th Cir. 1992)). Heslep concedes that he "had reason to know of the injury which is the basis of this claim on July 2, 2011," the same date used by the district court as starting the limitations period. Heslep's civil rights complaint filed in 2015 was untimely.

Heslep offers several novel contentions that do not show that the district court erred by dismissing his action as untimely. The judgment of the district court is AFFIRMED. Heslep's motion to file a supplemental brief is GRANTED.